WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Michael Augustine Kee,<br>　　　　Defendant. | No. CR-94-0266-PCT-GMS<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, U.S. DISTRICT JUDGE:

Upon referral from the presiding District Judge, the undersigned conducted an evidentiary hearing on the allegations alleged in the January 26, 2018 Superseding Petition which alleged in Allegation A that Mr. Kee violated Mandatory Condition #3 which prohibited any unlawful use of a controlled substance (on or about January 19, 2018, Mr. Kee signed an admission admitting to the use of marijuana); Allegation B which alleged a violation of Special Condition #2 which required that Mr. Kee participate in home confinement (the Petition alleges that on or about January 20, 2018, Mr. Kee left his home without prior authorization); and Allegation C which alleges a violation of Special Condition #7 which prohibited the use or possession of alcohol (the Petition alleges that on or about January 19, 2018, Mr. Kee used alcohol as supported by a positive reading for use of alcohol and Mr. Kee's written admission).

The government presented evidence at the evidentiary hearing that demonstrated that it was more likely than not that Mr. Kee violated these three conditions of his

supervised release. Mr. Kee, representing himself but assisted by advisory counsel, presented no evidence or arguments to challenge the fact of these findings. Instead Mr. Kee's sole defense was set forth in his Motion to Dismiss for Lack of Subject Matter Jurisdiction which was also referred to the undersigned.

In his Motion to Dismiss Mr. Kee argues that the Court is without jurisdiction as the Court has no jurisdiction over Mr. Kee who asserts that he is not a citizen of the United States of America but is instead a "Sovereign Indigenous Indian of the Navajo people". Defendant also claims "Sovereign Immunity" (Doc. 158 at 2). As demonstrated by the government's response to his motion, Defendant's argument is without merit. The Court's basis for jurisdiction over Mr. Kee is well established and beyond question both as a matter of law and as a matter of fact in this case. Indeed, Mr. Kee made no challenge based on the particularized facts of his personal circumstances. Thus, he is left with only his argument of law and the law is well settled against his position.

Accordingly, the Court finds that the government has met its burden of proof that Mr. Kee violated his conditions of supervised release as alleged in the superseding petition and so recommends to the District Judge.

**IT IS THEREFORE RECOMMENDED** that the District Judge find that the government has proved by a preponderance of the evidence that Defendant violated Allegations A, B, and C of the superseding petition to revoke supervised release.

**IT IS FURTHER RECOMMENDED** that Defendant's *pro se* Motion to Dismiss for Lack of Subject Matter Jurisdiction Rule 7 (Doc. 158), Motion to Issue Subpoena (Doc. 161), Motion to Dismiss (Doc. 164), and Motion to Terminate Probation for Breach of Contract (Doc. 168) be denied for the same reasons stated above.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(b)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28

U.S.C. § 636(b)(1); Rule 59(b)(2), Federal Rules of Criminal Procedure. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 59, Federal Rules of Criminal Procedure.

Dated this 17th day of April, 2018.

_____
David K. Duncan
United States Magistrate Judge