**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-94-00266-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Augustine Kee, | |
| Defendant. | |

The Court held an evidentiary hearing on September 13, 2021 on the Petition to Revoke Defendant Michael Augustine Kee's supervised release filed with the Court on November 1, 2018. That petition alleged that Mr. Kee failed to report to probation within 72 hours of his release from imprisonment. The Court signed a warrant for Mr. Kee's arrest that same date. The Defendant was arrested on the warrant on July 21, 2021. He has been detained and denies the allegation in the petition.

At the evidentiary hearing the Prosecution established that Defendant was in violation of his terms of supervised release in that he had failed to report to probation within 72 hours of his release from imprisonment. It further established that Mr. Kee's probation officer established telephonic contact with Mr. Kee approximately two years later and informed him of the warrant and of his obligation to turn himself in which he declined to do. Mr. Kee did not appear to deny this, but at the evidentiary hearing he sought to incorporate the arguments made in his Motion for Termination of Supervised Release (Doc. 192), which he had recently mailed, but which had not been received by the Court

or the prosecution. The Court indicated it would rule on whether Defendant was in violation of his term of supervised release after it had received the motion and had received a response from the prosecutor.

In his motion for termination of supervised release that was thereafter received by the Court, Defendant alleges that probation knew where he was, that he told his probation officer where he was if a warrant issued, and that he does not believe that a warrant was issued due to his inability to obtain such information from the United States Marshal, and his successful application to renew his driver's license and obtain AHCCS and EBT benefits. None of this, of course, addresses or excuses the violation itself.

The Defendant in his motion, and Defendant's family in their letters, emphasize that Defendant was not involved in an offense resulting in death. It is correct that he was not. What Defendant fails to realize is that Title 18, United States Code, Section 2245 was amended in September 1994 by Congress's enactment of the "Violent Crime Control and Law Enforcement Act." What had been numbered as Section 2245 prior to the amendment dealt with aggravated sexual abuse. Section 2245 was then renumbered to section 2246. The new section 2245 dealt with "offenses resulting in death." Thus, although section 2245 now deals with "offenses resulting in death," at the time Defendant was convicted it dealt with aggravated sexual abuse. Thus, Defendant's argument that he did not commit a crime resulting in anyone's death, while quite true, provides him no basis for relief here.

Defendant makes other assertions—that he entered his guilty plea without the presence of counsel—which are defied by the record in this case. He makes still other assertions—that probation violated his Freedom of Religion, his education and employment opportunities, his medical surgery, and his family visitation. It is difficult to understand how this is so, however, in light of the fact that the Defendant has apparently never effectively submitted to probation.

It may be true, as Defendant states that he did not attempt to be hostile or escape arrest, and he was not involved in any unlawful incidents during the period that he did not subject himself to probation, but such arguments do not excuse his failure to report and are

more relevant at disposition than as an assertion that Defendant did not violate the terms of his supervised release.  Therefore,

THE COURT FINDS that the Defendant has violated Allegation A, Standard Condition #1 of his terms of supervised release.

IT IS ORDERED denying Defendant's Motion for Termination of Supervised Release (Doc. 192).

IT IS FURTHER ORDERED setting a Final Disposition Hearing for **November 5, 2021 at 2:00 p.m.**, in Courtroom 601.

IT IS FURTHER ORDERED directing U.S. Probation to prepare a Disposition Report.

Dated this 22nd day of September, 2021.

_____
G. Murray Snow
Chief United States District Judge